Angle, J.
These orders were granted upon affidavits in the usual form made by one of the attorneys who recovered the judgments for the plaintiff, and the motion is made upon the ground that prior to the granting of the orders the title *344 to the judgments had .passed to a duly appointed receiver of the plaintiff.
The point is made in opposition to the motion, that Taylor has no right to make it; but I think he has such right and must be heard. If he should, pay plaintiff these judgments such payments would not he good as against the receiver, and it follows that he has a right to question all attempts to collect the judgment from him by the plaintiff
It is also claimed in opposition to the motions, that the plaintiffs attorneys who recovered the judgments have a right to go on with these proceedings in their own interests as lienors upon the judgments against Taylor, under section 66 of the Code, and Pickard agt. Yancer (21 Hun, 403); Wilbur agt. Baker (24 Hun, 24); Frost-man agt. Schantling (21 Weekly Big., 358) ; and Merchant agt. Sessions (5 Civ. Pro. R., 24), are cited.
The last above case is in the New York city court at special term, and the court held that the lien of the attorney may be enforced by supplementary proceedings, and is not affected by the fact that the client had made a general assignment. But in that case the affidavit on which the order was obtained stated (what is not contained in the affidavits in the present cases) that the attorney who recovered the judgment, and who made the affidavits upon which the order was obtained, had “ a lien thereon for his costs and fees, of which lien he had given the defendant notice.” Other cases on the attorney’s lien and rights are collected in Turno agt. Parks (2 How. [N. S.], 35). The case of Stoddard agt. Trenbath (24 Hun, 182), is to some extent inconsistent with the foregoing cases.
Dimmick agt. Cooley (gen. term, 4th dept.; 4 Civ. Pro. R., 141), holds, that before an attorney can proceed with an action after settlement and discontinuance by his client, he must obtain leave of the court. The court say (p. 149): “ It would be an unwise and dangerous practice, extremely hazardous to the rights of both parties to allow an attorney to continue the action for the purpose of collecting his costs, without first *345 obtaining consent of the court that he may proceed for that purpose. When such permission is given, it is the duty of the court to direct as to the time ana manner, and watch the proceedings so as to fully protect the rights of both parties, and not unnecessarily annoy and embarrass either.”
A fortiori, it seems to me. he must obtain leave of the court before he can institute supplementary proceedings upon a judgment in favor of his own client after the title to that judgment has passed from the client to a receiver, and where the proceedings are instituted by an affidavit that says nothing about the lien of the attorney.
I do not deem it requisite here to discuss other suggestions made by the counsel for the plaintiff. I have considered them all, and my conclusion is, that the motions must be granted, with ten dollars costs as of one motion.